UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON, | No. 2:16-cv-1607 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| SWAN, et al., | |
| Defendants. | |

Plaintiff David W. Wilson is a state prisoner, proceeding without counsel, in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis. See 28 U.S.C. § 1915(a). For the reasons explained below, the court finds that plaintiff has not demonstrated that he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. See (1) Wilson v. Schwartz, No. 2:05-cv-1649

1

GEB CMK (Oct. 31, 2006 E.D. Cal.) (order dismissing action for failure to state a claim); (2) Wilson v. Dovey, No. 2:06-cv-1032 FCD EFB (Mar. 8, 2007 E.D. Cal.) (order dismissing action for failure to state a claim); and (3) Wilson v. Dovey, No. 2:06-cv-2553 JKS EFB (Mar. 11, 2008 E.D. Cal.) (order dismissing action for failure to state a claim). See also Wilson v. Hubbard, No. 2:07-cv-1558 WBS GGH (Oct. 16, 2009 E.D. Cal.) (order designating plaintiff a three strikes litigant for purposes of section 1915(g)).

Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. See 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). For the exception to apply, the court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement). Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception." Id. at 1055.

Plaintiff has not alleged any facts which suggest that he is under imminent danger of serious physical injury.[1] Thus, plaintiff must submit the appropriate filing fee in order to proceed with this action.

---

[1] Indeed, the bulk of plaintiff's complaint is duplicative of the pleading addressed in Case No. 2:07-cv-1192 GEB DAD, in which plaintiff raised the double-celling claims he exhausted in the grievances submitted in 2007. (For example, compare Case No. 2:07cv1192: ECF No. 19 at 3-5 with Case No. 2:16-cv-1607: ECF No. 1 at 3-5 (mid-page stopping at "7-15-2007"); Case No. 2:07cv1192: ECF No. 19 at 15-21 (¶¶ 5-26) with Case No. 2:16-cv-1607: ECF No. 1 at 11-17 (¶¶ 5-27). The defendants in Case No. 2:07-cv-1192, many of them also named in the instant action, were granted summary judgment on February 15, 2012. Id. at ECF No. 86. Moreover, such double-celling claims are likely barred either under collateral estoppel or the statute of limitations.
  Plaintiff also includes claims concerning not being required to take elevators, but the reviewing official confirmed that plaintiff has the right to not take the elevator, so such claim does not present a threat of imminent danger. (ECF No. 1 at 153.) Finally, it appears that plaintiff could not have exhausted his retaliation claim because his facts supporting such claim took place in July of 2016, and this action was filed on July 13, 2016. (ECF No. 1 at 6.) Thus, plaintiff could not have pursued such claim through the third level of review prior to bringing this action as required under Booth v. Churner, 532 U.S. 731, 733-34 (2001). Title 42 U.S.C. § 1997e(a) states that "No action shall be brought . . . until such administrative remedies as are available are exhausted." Id.

1  In accordance with the above, IT IS HEREBY ORDERED that plaintiff shall submit,
2  within twenty-one days from the date of this order, the appropriate filing fee.  Plaintiff's failure to
3  comply with this order will result in a recommendation that this action be dismissed.
4  Dated:  September 7, 2016

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wils1607.3str