UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON, | No. 2:16-cv-1607 MCE KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DAVID SWAN, et al., | |
| Defendants. | |

Plaintiff David W. Wilson is a state prisoner, proceeding without counsel, in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis. See 28 U.S.C. § 1915(a). By order filed September 7, 2016, the undersigned found that plaintiff had filed three prior actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and because he failed to allege facts demonstrating he faced imminent danger at the time he filed the instant complaint, plaintiff must pay the filing fee before he can proceed with the instant action. On October 6, 2016, plaintiff renewed his request to proceed in forma pauperis but did not pay the filing fee. Plaintiff now claims that he and the "group class" of Coleman v. Wilson, No. 90-cv-0520 KJM DB, are in imminent danger for forced double cell living, reciting a laundry list of alleged program and service deprivations at California Medical Facility ("CMF") in Vacaville, including alleged "concocted" or "staged" cell fights. (ECF No. 7 at 1-2.)  Further, plaintiff appears to contend that the cases that were dismissed for

1

1 failure to state a claim had merit and should not have been dismissed.  (ECF No. 7 at 2-3, citing
2 Wilson v. Schwartz, No. 2:05-cv-1649 GEB CMK; Wilson v. Dovey, No. 2:06-cv-1032 FCD
3 EFB; and Wilson v. Dovey, No. 2:06-cv-2533 JKS EFB; Wilson v. Hubbard, No. 07-cv-1558
4 WBS GGH.)
5     For the reasons explained below, the court finds that plaintiff has not demonstrated that he
6 is eligible to proceed in forma pauperis, and recommends that this action be dismissed based on
7 plaintiff's failure to pay the filing fee.
8     A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

13 28 U.S.C. § 1915(g).  Court records reflect that on numerous prior occasions, plaintiff has
14 brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to
15 state a claim upon which relief may be granted.  See (1) Wilson v. Schwartz, No. 2:05-cv-1649
16 GEB CMK (Oct. 31, 2006 E.D. Cal.) (findings and recommendations recommending dismissal of
17 action for failure to state a claim) (ECF No. 24 at 4); findings and recommendations adopted in
18 full); (2) Wilson v. Veal, No. 2:06-cv-0067 FCD KJM (findings and recommendations
19 recommending dismissal of action for failure to state a claim) (ECF No. 9 at 2); adopted in full);
20 (3) Wilson v. Tilton, No. 2:06-cv-1031 LKK PAN (findings and recommendations
21 recommending dismissal for failure to state a claim) (ECF No. 5 at 4), adopted in full); (4) Wilson
22 v. Dovey, No. 2:06-cv-1032 FCD EFB (Mar. 8, 2007 E.D. Cal.) (order dismissing action for
23 failure to state a claim) (ECF No. 13); (5) Wilson v. CDC, No. 06-cv-1391 FCD PAN (order
24 dismissing action for failure to state a claim) (ECF No. 20); (6) Wilson v. Wann, No. 06-cv-1577
25 FCD KJM (order dismissing for failure to state a claim) (ECF No. 44); (7) Wilson v. Dovey,
26 Case No. 06-cv-2553 DFL EFB (order dismissing for failure to state a claim (ECF No. 18); (8)
27 Wilson v. Kernan, No. 07-cv-0352 MCE EFB (order dismissing for failure to state a claim (ECF
28 No. 15); (9) Wilson v. Kernan, No. 07-cv-0616 GEB EFB (order dismissing for failure to state a

claim (ECF No. 12); and Wilson v. Adult Institutions Div., No. 08-cv-2904 WBS GGH (findings and recommendations found plaintiff's claims were "wholly frivolous") (ECF No. 13 at 4); adopted in full.).[1]

Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g).  The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.  See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful."  Id. at 1057 n.11.  Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.  To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "Vague and utterly conclusory assertions" of harm are insufficient.  White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).  That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

As noted in the September 7, 2016 order, the undersigned reviewed plaintiff's complaint and finds that plaintiff does not meet the imminent danger exception.  See Andrews, 493 F.3d at 1053.  The bulk of plaintiff's 153 page complaint is duplicative of the pleading addressed in Case No. 2:07-cv-1192 GEB DAD, in which plaintiff raised the double-celling claims he exhausted in the grievances submitted in 2007.  (For example, compare Case No. 2:07cv1192: ECF No. 19 at 3-5 with Case No. 2:16-cv-1607: ECF No. 1 at 3-5 (mid-page stopping at "7-15-2007"); Case No. 2:07cv1192: ECF No. 19 at 15-21 (¶¶ 5-26) with Case No. 2:16-cv-1607: ECF No. 1 at 11-17 (¶¶ 5-27).[2]  Such allegations do not demonstrate an imminent danger as required under Andrews.

---

[1] See also Wilson v. Hubbard, No. 2:07-cv-1558 WBS GGH (Oct. 16, 2009 E.D. Cal.) (order designating plaintiff a three strikes litigant for purposes of section 1915(g)).

[2] Plaintiff also includes claims concerning not being required to take elevators, but the reviewing

3

1  Indeed, in No. 2:07-cv-1192 GEB DAD, the magistrate judge found that plaintiff was housed in a
2  single cell from November 4, 2004 through May 27, 2005, with the exception of two days; from
3  June 8, 2005 until April 18, 2007, with the exception of three days, and from April 22, 2007, until
4  April 30, 2008, when he was transferred to a different prison.  (ECF No. 82 at 7.)  Moreover,
5  it appears that at the time plaintiff filed his complaint, he was housed in a single cell.  Thus,
6  plaintiff's allegations are speculative and do not demonstrate that at the time he filed his
7  complaint, he was under imminent danger of serious physical injury.
8         Plaintiff's conclusory allegations concerning "staged" or "concocted" cell fights are
9  unsupported by specific facts, and fail to demonstrate that plaintiff is personally faced with
10 imminent danger of serious physical injury.  In addition, his allegations concerning deprivation of
11 access to programs or other activities are being pursued in Wilson v. Tucci, No. 15-cv-2404 CMK
12 KJM, which is presently pending.  Id., ECF No. 1 at 14-16.
13        Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without
14 prejudice based on plaintiff's failure to pay the filing fee.
15        These findings and recommendations are submitted to the United States District Judge
16 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
17 after being served with these findings and recommendations, plaintiff may file written objections
18 with the court and serve a copy on all parties.  Such a document should be captioned
19 "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
20 ////
21 ////

---

official confirmed that plaintiff has the right to not take the elevator, so such claim does not present a threat of imminent danger. (ECF No. 1 at 153.)  Similarly, plaintiff's claims that Sgt. Swan threatened to "find a knife in plaintiff's cell" (ECF No. 1 at 6) or otherwise retaliate against plaintiff does not present an "imminent" danger of serious physical injury.  Moreover, it appears that plaintiff could not have exhausted his retaliation claim against Sgt. Swan because the facts supporting such claim took place in July of 2016, and this action was filed on July 13, 2016. (ECF No. 1 at 6.)  Thus, plaintiff could not have pursued such claim through the third level of review prior to bringing this action as required under Booth v. Churner, 532 U.S. 731, 733-34 (2001).  Title 42 U.S.C. § 1997e(a) states that "No action shall be brought . . . until such administrative remedies as are available are exhausted."  Id.  Thus, plaintiff must first exhaust his administrative remedies as to such claim.

4

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 13, 2016

/wils1607.3str

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE